# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| PENNSYLVANIA OFFICE OF ATTORNEY GENERAL, | : No. 171 MM 2014 |
| Petitioner | : |
| v. | : |
| SUPERVISING JUDGE OF THE THIRTY-FIFTH STATEWIDE INVESTIGATING GRAND JURY, | : |
| Respondent | : |

## <u>ORDER</u>

**PER CURIAM**

    **AND NOW**, this 18th day of August, 2015, this Court's order of December 19, 2014, is hereby **UNSEALED**.

**UNSEALED PER ORDER OF THE COURT DATED AUGUST 18, 2015**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

PENNSYLVANIA OFFICE OF
ATTORNEY GENERAL,

       Petitioner

       v.

SUPERVISING JUDGE OF THE THIRTY-
FIFTH STATEWIDE INVESTIGATING
GRAND JURY,

       Respondent

: No. 171 MM 2014
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**ORDER**

**PER CURIAM**

    **AND NOW**, this 19th day of December, 2014, the Application to File under Seal is **GRANTED**, and the Petition for Review is **DENIED**.

    This Court notes that, per the opinion of the Supervising Judge William R. Carpenter, the purpose of the protective order, entered per the authority of 18 Pa.C.S. § 4954, "was/is to prevent the intimidation, obstruction and/or retaliation, in the ordinary sense of those words . . . . [and] was never intended to prevent the [Office of Attorney General] from carrying out its constitutional duties." Opinion, dated 12/12/2014, at 10-11. Additionally, as explained by Judge Carpenter, the protective order "is not intended to restrict or impact 'appropriate public [disclosure]' of information connected with the possession and/or distribution of possibly pornographic images by members of the [Office of Attorney General]." Id. at 11.

Mr. Justice Stevens notes his Dissent and would grant relief to the OAG in the Application except for that portion that relates to witness intimidation and would direct that this Order be filed in the normal course of Court business and publically available.